# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **GARY FORREST EDWARDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.:  2:08-CV-2075-VEH** |
| | ) |
| **LASALLE BANK, N.A., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

### I.    Introduction and Background

Plaintiff Gary Forrest Edwards ("Mr. Edwards") initiated this case entitled "Notice of International Commercial Claim Within the Admiralty ab initio Administrative Remedy" (Doc. 1) (the "Notice") on November 6, 2008.  The court notes that Mr. Edwards is proceeding *pro se* (*i.e.*, without any counsel) in this matter.

The court has before it Defendants[1] Motion to Dismiss (Doc. 4) and supporting

---

[1]  The clerk's records reflect LaSalle Bank, N.A. ("LaSalle Bank"), LaSalle Bank as trustee for SASCO-2005-NC1, and Chase Home Finance, LLC ("Chase") as the defendants in the case.  According to counsel for Defendants, Chase was included in the Motion to Dismiss "out of an abundance of caution" due to "some confusion as to whether Plaintiff has actually attempted to name Chase as a defendant in this action."  (Doc. 5 at 1).  At the hearing, Mr. Edwards confirmed that he

brief with attachments (Doc. 5) filed on December 19, 2008, as well as their subsequent Motion for Sanctions Pursuant to Rule 11 (Doc. 10) (the "Motion for Sanctions") and accompanying materials (Docs. 11-12) filed on January 8, 2009.  On January 14, 2009, the court entered an "Order Establishing Briefing Schedule, Setting Courtroom Hearing, and Providing Further Instructions" (Doc. 13) (the "Pre-Hearing Order") relating to both of these motions.

Pursuant to the Pre-Hearing Order on February 2, 2009, Mr. Edwards filed his objections to both motions.  (Docs. 14-15).  Defendants followed with their reply brief (Doc. 16) on February 16, 2009.  Mr. Edwards then filed a document entitled "Commercial Notice Within the Admiralty of the Filing of Foreign Judgment" (Doc. 17) on February 27, 2009.  The court held a hearing on both motions on March 6, 2009.

The court's reasoning for entering the Pre-Hearing Order and setting the case for a courtroom hearing stems from the limited scope of its jurisdiction to hear cases as a federal court[2] and its related independent duty to ascertain whether it has subject matter jurisdiction over cases that come before it.  "A federal court not only has the

_____

intended to sue Chase.

[2] Unlike federal courts, the jurisdiction of state courts is <u>not</u> so similarly limited.

power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) (citations omitted).

As the court expressly advised Mr. Edwards in the Pre-Hearing Order on the issue of subject matter jurisdiction:

> [U]nlike state courts, federal courts are courts of limited jurisdiction, meaning that the grounds for the court's jurisdiction must be present at the time the complaint is filed and must be obvious on the face of the complaint. FED. R. CIV. P. 8(a); 28 U.S.C. § 1330, *et seq.* The law is clear that Mr. Edwards, as the plaintiff and the party seeking to invoke jurisdiction in this case, has the burden to demonstrate that the court has subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Lack of subject matter jurisdiction cannot be waived or expanded by judicial interpretation, and a jurisdictional defect can be raised at any time by either the parties or the court. *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951). A federal district court's subject matter jurisdiction is typically founded upon either 28 U.S.C. § 1331 or 28 U.S.C. § 1332.
>
> 28 U.S.C. § 1331 provides for federal question jurisdiction, stating that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint rule" governs whether this court has federal question jurisdiction. *Caterpillar v. Williams*, 482 U.S. 386 (1987); *Gully v. First National Bank*, 299 U.S. 109 (1936); *Gulf States Paper Corporation v. Ingram*, 811 F.2d 1464 (11th Cir. 1987).
>
> Under § 1331, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

28 U.S.C. § 1332 provides for federal diversity jurisdiction, stating that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" *Id.*

At this juncture, the source of this court's subject matter jurisdiction over Mr. Edwards's claim or claims is unclear. While Mr. Edwards has procedurally filed a "Notice of International Commercial Claim Within the Admiralty ab initio Administrative Remedy" (the "Notice") and referenced 28 U.S.C. § 1333 (jurisdiction relating to admiralty, maritime and  prize cases) and § 1337 (jurisdiction relating to commerce and antitrust cases) as potential jurisdictional bases (Doc. 1 at 1), none of the documents filed with the Notice relates to admiralty, the sea, commerce, or antitrust.  (*See generally* Doc. 1).  Instead, the nature and scope of Mr. Edwards's contentions appear to possibly relate to alleged wrongful foreclosure. (*See, e.g.*, Doc. 1 at 88-89, 90, 91-94, 95-116, 118-125, 126-29).

Therefore, if Mr. Edwards decides to respond to Defendant's Motion to Dismiss, then part of his response should clarify factual[ly] the basis or bases upon which he asserts that this court may properly exercise subject matter jurisdiction over this case in light of the true nature of the claim or claims that he is making against Defendant.

(Doc. 13 at 2-5 (emphasis added)).

In the Pre-Hearing Order, the court also warned Mr. Edwards that:

**[I]f the court ultimately concludes that it lacks subject matter jurisdiction over this case, then it is obligated to dismiss his lawsuit without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure**.

4

(*Id.* at 5).

Separate from any jurisdictional concerns and because of a record of undeliverable mail addressed to Mr. Edwards (*see, e.g.*, (Doc. 9)), the Pre-Hearing Order also required Mr. Edwards "to file with the court and simultaneously serve on counsel for Defendant **no later than January 26, 2009**, a document called 'Plaintiff's Notice of Current Address' and set out in this document his most current address." (Doc. 13 at 5-6).

Mr. Edwards has filed no such address notice, timely or otherwise, with the court. Further, the objections that he filed to Defendants' motions do not list his current address. Against this backdrop and for the reasons explained below, the court determines that Mr. Edward's Notice is due to be dismissed without prejudice for lack of subject matter jurisdiction and alternatively for his failure to comply with the Pre-Hearing Order. Further, the Motion for Sanctions is due to be granted as amended orally by Defendants.

## II.    Analysis

### A.    Rule 12(b)(1) Subject Matter Jurisdiction Analysis

Considering the scattered and largely incomprehensible contents of the Notice and of Mr. Edwards's objection to Defendants' Motion to Dismiss, and his statements at the hearing, the court still does not see how it may appropriately exercise subject

matter jurisdiction over this proceeding.  In particular, the court finds there is no case or controversy and alternatively can discern no basis for exercising subject matter jurisdiction over the cause.  Therefore, dismissal of the Notice without prejudice is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction as analyzed more fully below.

## Case or Controversy Analysis

Before even addressing any statutory basis for jurisdiction, the court must first satisfy itself that, constitutionally, a case or controversy exists between Mr. Edwards and Defendants.  Regarding the case or controversy requirement:

> Article III, Section 2, of the United States Constitution provides, in pertinent part, that no federal court may exercise its judicial power unless there exists a "case" or "controversy," as defined therein and as interpreted through constitutional jurisprudence. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004) ("The nature of the cases upon which the federal courts may rule is defined in Article III, Section 2 of the Constitution. . . ."). It is well established that federal courts must "carefully abstain from exercising any power that is not strictly judicial in its character, and which is not clearly confided to it by the Constitution." *Muskrat v. United States*, 219 U.S. 346, 355 (1911); *see United States v. Santarelli*, 729 F.2d 1388, 1391 (11th Cir. 1984) (citing *Muskrat* and dismissing case because there was no "case" or "controversy" presented).

(Doc. 16 at 3); *see also Summers v. Earth Island Institute*, No. 07-463, 2009 WL 509325, at *4 (U.S. Mar. 3, 2009) ("In limiting the judicial power to 'Cases' and 'Controversies,' Article III of the Constitution restricts it to the traditional role of

Anglo-American courts, <u>which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law</u>.") (emphasis added).

As Defendants correctly point out in their reply, based on Mr. Edwards's objection to the Motion to Dismiss, no case or controversy is presented here because there is nothing for the court to redress or prevent.  More particularly, as Mr. Edwards explains his purpose behind the filing of the Notice:

> Petitioner sought to have said EVIDENCE kept by the Clerk for the Court pursuant to their job duties as custodian of record and for the purpose of safekeeping and preserving the record, nothing more, nothing less.

(Doc. 14 at 2).  Later in his objection, Mr. Edwards states that the issue of lack of subject matter jurisdiction is "impertinent, immaterial, inflammatory and scandalous as <u>Petitioner is not asking the Court in CV-08-HS-2075-S to take any action, ruling or for any other relief</u> BUT is merely asking the Clerk of the Court <u>to hold his EVIDENCE</u>."  (*Id.* at 3 (emphasis by underlining added)).

Similarly, as Mr. Edwards explains in his objection to Defendant's Motion for Sanctions, "this was not a suit requiring action, as a matter of FACT, IT WAS NOT A SUIT AT ALL!"  (Doc. 15 at 3).  Mr. Edwards subsequently further emphasizes: "I must point out to the Court, THERE IS NO ACTION REQUIRING A RULING

FOR DEFENDANT!" (*Id.* at 4).

Therefore, in filing the Notice, Mr. Edwards apparently seeks only to have the clerk serve as an evidentiary repository. Further, Mr. Edwards emphatically asserts that he pursues no relief, monetary or otherwise, against Defendants. Accordingly, there is no justiciable dispute for the court to resolve between Mr. Edwards and Defendants, and the Notice is subject to dismissal for failure to satisfy the case or controversy requirement.[3]

## Section 1332 Jurisdictional Analysis

Assuming, however, that Mr. Edwards's Notice does meet the case or controversy criteria, the court evaluates the potential presence of diversity jurisdiction under § 1332. Such statutory jurisdiction "exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, diversity jurisdiction requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); <u>and</u> (2) satisfaction of the amount in controversy requirement.

A review of Mr. Edwards's Notice makes clear that diversity jurisdiction does

---

[3] The court notes, however, that his "evidence" has been received by the clerk and that it will remain with the clerk even after dismissal of this claim. Therefore, it appears that Mr. Edwards has achieved his desired result.

not apply. In particular, Mr. Edwards makes no allegations that diversity of citizenship exists between himself and any of the defendants in his Notice or his objection to the Motion to Dismiss.

Although at the hearing Mr. Edwards stated and Defendants conceded that the diversity of citizenship prong of diversity jurisdiction has been met, Mr. Edwards additionally never asserted that the case satisfies the statutory jurisdictional minimum. Instead, as the above case or controversy analysis demonstrates, Mr. Edwards is not seeking <u>any</u> relief against Defendants, much less any damages or other award valued in excess of the federal jurisdictional minimum of $75,000.00.

Therefore, diversity jurisdiction does not exist either on the face of the Notice, as addressed by Mr. Edwards in his objection, or as explicated by Mr. Edwards at the hearing.  Further, it is clear that any amendment would also fail to establish the existence of diversity jurisdiction as required by § 1332 because Mr. Edwards, as expressed in his objection and confirmed during the hearing, is not demanding <u>anything</u> of value from Defendants, much less an amount in controversy necessary to proceed in federal court as a diversity action.  Indeed, in response to the court's question, Mr. Edwards stated that he was <u>not</u> even asking injunctive relief. Accordingly, § 1332 cannot serve as a statutory basis for the exercise of subject matter jurisdiction over this case.

## Sections 1331, 1333, and 1337 Jurisdictional Analysis

Concerning jurisdiction under § 1331, as the United States Supreme Court explained in *Gully v. First National Bank in Meridian*, 299 U.S. 109 (1936):

> To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

*Id*. at 112 (internal citations omitted). In this instance, the court cannot envision how Mr. Edwards's Notice requires proof of a party's violation of a federal law as a predicate act or involves a substantial question of federal law. *See, e.g., Dunlap v. G &L Holding Group, Inc*, 381 F.3d 1285, 1290 (11th Cir. 2004) (citing *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982) (stating federal question jurisdictional standard as whether claims "really and substantially involve [] a dispute or controversy respecting the validity, construction or effect of [federal] law.").

Here, Mr. Edwards does not cite to § 1331. Moreover, while Mr. Edwards does reference 28 U.S.C. § 1333 (jurisdiction relating to admiralty, maritime and prize cases) and § 1337 (jurisdiction relating to commerce and antitrust cases) as potential jurisdictional bases (Doc. 1 at 1), none of the documents filed with the Notice relates to admiralty, the sea, commerce, or antitrust. Similarly, nothing in his objection or

10

in his presentation at the hearing supports a federal claim against Defendants connected to admiralty, the sea, commerce, or antitrust.

Instead, in responding to the Motion to Dismiss, Mr. Edwards characterizes the Notice as containing no claim and seeking no action from the court.  Mr. Edwards's description of the Notice offered at the hearing did not vary from this; nor could Mr. Edwards offer any facts that would support subject matter jurisdiction under any of these statutes.  Therefore, Mr. Edwards has failed to establish any alleged factual basis for subject matter jurisdiction under either § 1331,  § 1333, or § 1337.

As another district court stated in reaching a similar result in a comparable case pending before it:

> [W]hile the Petitioner appears to assert in her "Petition" that she is asserting an "International Commercial Claim" under admiralty law, it is clear from a review of her allegations that her "claim" has nothing whatsoever to do with admiralty law, and therefore, there is no basis for jurisdiction under 28 U.S.C. § 1333.  Rather, the "Petition" appears to be nothing more than an attempt to avoid or set aside a default judgment entered by a state court.  The Court lacks subject matter jurisdiction over such a claim, and therefore, the Petitioner's claims must be dismissed.

*Evaul v. Hammonds*, No. 5:06mc096, 2007 WL 3101241, at *2 (W.D.N.C. Oct. 18, 2007).

Finally, the undersigned is unaware of any "other federal statute that could confer original jurisdiction on this court to adjudicate the instant cause."  *Austin v. MBNA America*, No. 3:06cv1071-MHT, 2006 WL 3496655, at *1 (M.D. Ala. Dec.

11

4, 2006).   Accordingly, no basis for the exercise of subject matter jurisdiction premised upon either § 1331,  § 1333, § 1337, or some other federal statute exists in this case.

### B.      Rule 41(b) Analysis

Alternatively, and assuming the establishment of subject matter jurisdiction, a dismissal of this case without prejudice is also appropriate pursuant to Rule 41(b) because of Mr. Edwards's failure to follow the Pre-Hearing Order.  Although Mr. Edwards is proceeding *pro se*, he must still obey all rules and orders entered by the court.  *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

The Federal Rules of Civil Procedure authorize this court to dismiss an action currently pending for "fail[ure] to prosecute or to comply with [the Federal] Rules [of Civil Procedure] or a court order."  Fed. R. Civ. P. Rule 41(b).  Dismissal is entirely within the discretion of the court.  *Martin-Trigona v. Morris,* 627 F.2d 680, 682 (5th Cir. 1980) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion.") (citation omitted).[4]

---

[4]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former

In conflict with the Pre-Hearing Order, Mr. Edwards failed to advise the court of his current address no later than January 26, 2009, and to factually develop the basis behind this court's exercise of subject matter jurisdiction. Regarding the latter, the court explained to Mr. Edwards that any response that he filed to the Motion to Dismiss should factually clarify the basis or bases supporting federal subject matter jurisdiction. (Doc. 13 at 4-5). Contrary to the Pre-Hearing Order, Mr. Edwards's objection contains no such clarification; instead it merely and conclusively rejects the jurisdictional issue as "impertinent, immaterial, inflammatory and scandalous[.]" (Doc. 14 at 3).

Concerning the former, the court expressly advised Mr. Edwards that his failure to provide a current address could result in the dismissal of his case:

> Further, Mr. Edwards is cautioned that his failure to file a "Plaintiff's Notice of Current Address" as ordered or to timely advise the court of any future address changes, may result in a dismissal of his case without prejudice for failure to prosecute.

(Doc. 13 at 6). Accordingly, this case is alternatively due to be dismissed without prejudice under Rule 41(b) for Mr. Edwards's failure to adhere to the requirements set forth in the Pre-Hearing Order.

## C.    Injunctive Relief Analysis

As for Defendants' Motion for Sanctions, the court is aware that "[t]he interest

_____

Fifth Circuit handed down prior to October 1, 1981.

13

of the court in imposing punitive sanctions under Rule 11 does not disappear if the court lacks subject matter jurisdiction, because the court retains an interest in parties' obedience to its authority." *U.S. v. Straub*, 508 F.3d 1003, 1009 (11th Cir. 2007) (citation omitted).  Accordingly, despite the lack of subject matter jurisdiction, the court still has the power to issue sanctions under Rule 11 of the Federal Rules of Civil Procedure, if otherwise appropriate.

At the hearing, Defendants limited the scope of what they were seeking in their Motion for Sanctions to a request for an injunction barring Mr. Edwards from filing further lawsuits against them and their counsel in this district without prior court approval due to the undisputed history that this case is the third one brought by Mr. Edwards relating to the same subject matter[5] - a prior foreclosure proceeding as to "family property" located in Illinois.

As this court has previously recognized regarding a similar request to enjoin the future filing actions of another overly litigious party:

"There should be little doubt that the district court has the

---

[5]  *See Gary F. Edwards v. LaSalle Bank N.A., as trustee for SASCO 2005-NC-1*, Circuit Court for the Eighth Judicial Circuit, Mason County, Illinois, No. 08-MR3 (the "Illinois Action"); *Gary Forrest Edwards v. New Century Mortgage Corp., Chase Home Finance, LLC, LaSalle Bank, NA; Codilis & Associates, P.C; Rhonda Peek; Circuit Court of the 8th Judicial Circuit of Illinois Case No. 06CH37, Including all Orders, Bonds and Record of the Case, Wayne Youell, et al.*, United States Bankruptcy Court for the District of Delaware, Adv. Proc. No. 08-50000, Nos. 07-10416 & 07-10419 (the "Delaware Action").  (Doc. 5 at Ex. A at Exs. 8-12).

jurisdiction to protect itself against the abuses that [abusive litigants] visit upon it. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073-1074 (11th Cir. 1986). Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. "There is no doubt that [a] district court [has] the power to devise an injunction to protect itself against [litigation] abuses." *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991). However, the Court must balance between protecting its jurisdiction and impermissibly restricting a litigant's right of access to the courts. *Id.* (finding that it was impermissibly restrictive to bar a litigant from entering the federal courthouse); *but see Procup*, 792 F.2d at 1074 (holding litigant may be "severely restricted as to what he may file and how he must behave in his applications for judicial relief"). "Thus, when federal court integrity and jurisdiction must be protected from an abusive litigant, the Court may fashion an appropriate remedy that does not completely foreclose access to the federal courts." *May v. Hatter*, No. 00-4115-CIV-MOORE, 2001 WL 579782, at *4 (S.D. Fla. 2001). The Eleventh Circuit has stressed that "'considerable discretion necessarily is reposed in the district court' when it drafts such orders." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (quoting *Procup*, 792 F.2d at 1074). Recognizing this considerable discretion, the Eleventh Circuit has "upheld pre-filing restrictions on litigious plaintiffs." *See id.* (citing *Copeland*, 949 F.2d 390; *Cofield v. Alabama Public Ser. Comm.*, 936 F.2d 512, 517-518 (11th Cir. 1991)).

*See Nails v. Arbor Acers Apartments*, 4:08-CV-1990-VEH, (Doc. 22 at 11-12) (N.D. Ala. Feb. 12, 2009); *see also Ocon v. Equinamics, Corp.*, No. 08-11226, 2009 WL 405370, at *1 (11th Cir. Feb. 19, 2009) ("Federal courts possess inherent authority to impose sanctions against attorneys and their clients. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006).").

15

As discussed during the hearing, every case that Mr. Edwards files consumes judicial resources as well as time and money for the defendants that he sues. Moreover, any claims asserted by Mr. Edwards's in these actions arising out of the same set of circumstances are either no longer being pursued by Mr. Edwards such as with the Delaware Action[6] or have been dismissed such as with this case and the Illinois Action. (Doc. 5 at Ex. A at Ex. 9). Further, Mr. Edwards could not articulate any harm that he would suffer if the court were to issue an order requiring a pre-filing screening process. Therefore, good cause for restricting Mr. Edwards's ability to file future lawsuits in this district exists. The court will enter an order consistent with Defendants' request and the Eleventh Circuit's guidelines in fashioning appropriate relief.

## III.   Conclusion

Defendants' Motion to Dismiss is due to be granted pursuant to Rule 12(b)(1) and Mr. Edwards's case dismissed without prejudice first on the basis that there is no case or controversy, and second because no statutory grounds support the court's

---

[6] Mr. Edwards explained during the hearing that continuing to litigate the Delaware Action was difficult for him due to the inconvenient location of the jurisdiction. Additionally, there is a pending motion to dismiss Mr. Edwards's amended complaint in the Delaware Action filed by LaSalle Bank (Doc. 5 at Ex. A at Ex. 12), and apparently a similar motion filed by Chase as well. (Doc. 5 at 4).

exercise of subject matter jurisdiction over this proceeding.[7]  Alternatively, the case is subject to dismissal without prejudice pursuant to Rule 41(b).

Further, Defendants' Motion for Sanctions is due to be  granted as amended orally to seek only injunctive relief against the filing of any further cases by Mr. Edwards against them in this district.

Finally, to the extent that Mr. Edwards has properly procedurally requested this court to impose Rule 11 sanctions against Defendants (Doc. 15 at 3-4), no record of any sanctionable conduct on the part of Defendants exists and that request is due to be denied.  The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 11th day of March, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[7]  Because the court concludes that it lacks subject matter jurisdiction, it does not reach the merits of the other grounds offered by Defendants in support of dismissal.

17